## Fidler *versus* Hershey.

1. Whenever it shall appear that a mistake or omission has been made in the name or names of any party to an action, the courts are authorized by the Act of May 4th 1852, in any stage of the proceedings, to permit amendments. Statutes relating to amendments are liberally construed in furtherance of trial upon the merits.

2. A surety shall be exonerated only when the creditor has refused to bring suit after a positive request and explicit declaration by the surety, that he would otherwise hold himself discharged.

3. The plea of *nil debet* puts in issue the existence of the debt claimed, and anything may be given in evidence under it, which shows there is nothing due at the time of pleading.

4. A party objecting to evidence in the court of review will be confined to the ground of objection taken in the court below.

May 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON and TRUNKEY, JJ. PAXSON, WOODWARD and STERRETT, JJ., absent.

Error to the Court of Common Pleas, of *Adams county:* Of May Term 1879, No. 79.

Debt by Samuel Hershey against Peter Fidler.

Hershey issued his summons in debt against Peter Fidler. After the return-day, the plaintiff moved to amend, by adding the names of George W. Householder and Albert Spangler as co-defendants, which amendment was allowed under exception by defendant, and an *alias summons* was issued against said parties. This writ was returned "served on George W. Householder," and as to "Albert Spangler not found." Householder did not appear or make any defence to the suit.

The plaintiff filed his *narr.* in the original suit in debt against Peter Fidler for $500, rent due on an alleged demise of a mill and

[Fidler *v.* Hershey.]

appurtenances to George W. Householder, Albert Spangler and Peter Fidler, for a year from April 1st 1871 to April 1st 1872, and for use and occupation of the same. To this the defendant pleaded "*nil debet.*"

After the case was thus at issue, the plaintiff, on the 25th of April 1878, moved further to amend, by changing the name of one of the parties who had been added to the record to Elliot H. Spangler, instead of Albert Spangler. This was objected to by defendants and allowed under exception, on condition that a *pluries summons* be issued against Elliot H. Spangler. To this writ there was no return made, nor was there any appearance or defence by Elliot H. Spangler.

The case was called for trial, when the plaintiff further amended his *narr.* by inserting the name of George W. Householder after that of Peter Fidler, wherever it occurred in the *narr.*, and so as to make his demand against said Fidler and Householder. The amendment was allowed, and the jury was directed to be sworn to try the case against Fidler and Householder, and were so sworn. The verdict was rendered generally, and judgment entered thereon.

At the trial before McClean, P. J., it appeared that Hershey leased a mill to Householder for one year for $500. In the body of the lease, the name of Householder alone appeared, but Spangler and Fidler signed as securities. The rent not being paid, this suit was brought to recover it.

Defendant having proved notice to the plaintiff " to push for the rent as soon as it was due, that he wanted out of it," then offered to prove that when the rent in question became due, Householder had sufficient property on the premises to pay the rent, if proceedings had been taken to collect it.

This was objected to as irrelevant, and the court sustained the objection.

Defendant having proved by Householder that he had paid some bounty tax for Hershey to John Eckenrode, and had a receipt for it, but had lost it and could not remember the amount, and that Eckenrode was dead—then offered to prove by William H. Detrich that Householder had shown him a receipt for tax paid to Eckenrode for the year 1871, for $46, on the mill property of Hershey.

Objected to, on the ground that the evidence was inadmissible under the pleadings, which objection the court sustained.

The verdict was for the plaintiff for $444.60, and after judgment thereon, Fidler took this writ and alleged that the court erred in allowing the amendments, which constituted the first four assignments, and in their rulings upon the above evidence which constituted respectively the fifth and sixth assignments.

[Fidler v. Hershey.]

.R. G. McCreary, for plaintiff in error.—The addition of the names of new parties defendant in a writ after the return-day is not an amendment. The *alias* and *pluries* writs were in fact different suits. The jury were sworn to try the issue between Householder and Fidler, and there was a verdict and judgment accordingly, when Householder had not appeared, and there was no plea nor issue as to him.

Fidler, as surety, had a right to require the exercise of proper diligence by the landlord in the use of legal means for the collection of the rent from the principal. Our offer was to prove that such diligence could have secured payment of the rent. It was proper in connection with the notice to push for the rent : Cope v. Smith, 8 S. & R. 110 ; Bank v. Gibson, 1 Watts 146 ; Greenawalt v. Kreider, 3 Barr 267 ; Wetzell v. Sponsler, 6 Harris 460.

If the engagement of Peter Fidler was a guarantee, he was discharged by want of diligence on the part of the lessor to collect the rent, and there was error in excluding proof of ability to pay: Gilbert v. Henck, 6 Casey 205 ; Allen v. Herman, 3 Phila. R. 378 ; Richards v. Commonwealth, 4 Wright 146.

The plea *nil debet* puts in issue the existence of the debt claimed at the time of pleading ; and any matter may be given in evidence under it, which shows there is nothing due at that time as payment, release, or other matter in discharge, as well as in denial of original liability : 1 Chit. Pl. 481–2 ; Stephen's Pleading 177–8 ; Davis v. Shoemaker, 1 Rawle 135.

D. McConaughy, for defendant in error.—There was no error in permitting the plaintiff to amend by adding the names of Householder and Spangler as co-defendants, after the return-day of the writ. The amendment was in time. It may be made, by leave of court, in any stage of the proceedings : Kaul v. Lawrence, 23 P. F. Smith 410–16 ; Act of 16th April 1846 ; Act of 4th of May 1852 ; Act of 10th of May 1871 ; Purd. Dig. 69 and 70, §§ 2, 3 and 6 ; Herdic v. Woodward, 25 P. F. Smith 479 ; Logan v. Chandler, 2 Clark Cas. 509 ; Burk v. Bear, 3 Id. 355 ; Hartshorne v. Mercer, Id. 505.

In the entering of the verdict and judgment against Fidler and Householder, jointly, Fidler has no ground for complaint; and Householder has not complained nor made objection.

. The offer of notice was not sufficient to work a discharge of Fidler. The words were " to push for the rent that he wanted out it," not to push for the rent or he would not be responsible for it. The rest of the offer was not competent under the pleadings. The words were not sufficient to bring the case within the rule laid down in the cases cited by plaintiff in error. There was no offer to identify the receipt as the one referred to by Householder, nor to prove the handwriting of John Eckenrode, and to show that he

[Fidler *v.* Hershey.]

was a tax collector for the township containing plaintiff's mill property. The offer was not to prove as now stated in defendant's argument. We have only to do with the offer as made.

Mr. Justice TRUNKEY delivered the opinion of the court, June 9th 1879.

Whenever it shall appear that a mistake or omission has been made in the name or names of any party, the court is authorized, by Act of May 4th 1852, Pamph. L. 574, in any stage of the proceedings, to permit amendments. Statutes relating to amendments are liberally construed in furtherance of trial upon the merits. The evidence tended to show and the jury found that there was a lease signed by Householder, Spangler and Fidler. As between themselves, Householder was principal and Spangler and Fidler his sureties, and though Hershey had knowledge of that relation, they were jointly liable to him. The summons against Spangler was returned, "not found." Householder did not appear, and judgment ought to have been entered against him in default; but he does not complain, and the irregularity did no injury to Fidler. Proofs, verdict and judgment against Fidler were same as if the jury had been sworn as to him alone and he is not hurt by a joint-debtor being concluded with him. Besides, he did not object, perhaps could not, to the jury being sworn as to both. The first four and last two assignments are not sustained.

It has repeatedly been ruled that the surety shall be exonerated, only when the payee has refused to bring suit, after a positive request and explicit declaration by the surety that he would otherwise hold himself discharged: Erie Bank *v.* Gibson, 1 Watts 143. The notice as proved came far short. Moreover, it was given before the debt had become due, and for this cause, had it been complete in substance and form, it would not avail to discharge the surety: Hellen *v.* Crawford, 8 Wright 105; Conrad *v.* Foy, 18 P. F. Smith 381. In the latter case it was said that notice ought in justice to be in writing and in the most explicit terms; and this has been made requisite by the Act of May 14th 1874, which, however, does not affect transactions prior to January 1st 1875. No foundation was laid for the testimony set forth in the fifth assignment.

The plea of *nil debet* puts in issue the existence of the debt claimed, and anything may be given in evidence under it, which shows there is nothing due at the time of pleading, as payment, release or other matter in discharge. Formerly this rule was in force in England and still is in Pennsylvania. In a late case, Brubaker *v.* Taylor, 26 P. F. Smith 83, the present chief justice, referring to a portion of the evidence, said it was admissible under the plea of *nil debet*, because "it tended to show there was no existing debt, whether it had been discharged by payment, release

[Dimm's and King's Appeal.]

or in any other way." Householder testified that he had paid taxes for his landlord to Eckenrode, could not state the amount, had taken a receipt which he had with him at April court and had lost it. Then defendant offered to prove by Detrich, to whom Householder had shown the receipt at April Term, that it was for $46. It is manifest from the bill of exception that the very point decided by the court was, that the offer was inadmissible under the pleadings. In an elaborate opinion, it was ruled in Mills *v.* Buchanan, 2 Harris 59, that a party objecting to evidence will be confined to the ground of objection taken in the court below. Hence the plaintiff cannot here object, that Householder did not say he had shown the receipt to Detrich, nor that there was no offer to prove its identity. Had he made the objection there, Householder was present and could have settled it with a word. Having decided that the testimony was inadmissible under the pleadings, the court put an end to proof or offer of proof of identity of the receipt. The objection and decision were on the ground that the offered testimony was inadmissible for a specified cause, and it would be unfair and unjust to the defendant for this court to say, although that decision was erroneous, an objection could have been taken for want of preliminary proof; for, had it been, he might have made that proof. If, indeed, the rejected testimony would not have been sufficient, with the other evidence, to establish the disputed fact, there would be no reversal; but as it was ample for submission to the jury, the case must go back for another trial.

Judgment reversed, and a *venire facias de novo* awarded.