## Rafferty *v.* Pittsburg.

*Costs—Municipal liability—Notice to city solicitor.*

The notice of intention to bring suit by an authorized city officer which is required by the act of 1859 to be given to the city solicitor, the suit to be authorized by him, is complied with upon notice to and consent by the assistant solicitor.

In a suit by an alderman to recover costs from the city in a series of suits brought by the vehicle officer, it was error to reject an offer to show that the officer had consulted with the assistant city solicitor and was authorized by him to bring the suits in question. Standing alone the evidence suggested by the officer would not be sufficient to entitle plaintiff to recover, but it was a step in that direction.

Argued May 7, 1900. Appeal, No. 176, April T., 1900, by plaintiff, in suit of Louise Rafferty, administratrix of the estate

of M. J. Rafferty, deceased, against the city of Pittsburg, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1897, No. 615, on verdict for defendant. Before RICE, P. J., BEAVER, OR-LADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by ORLADY, J.

Assumpsit. Before KENNEDY, P. J.

Material facts appear in the opinion of the court.

The court below gave binding instructions in favor of defendant.

At the trial the court below sustained defendant's objection to plaintiff's offer in rebuttal, which offer, the objection thereto and the action of the court thereon, are as follows:

[ Mr. Swearingen: We propose to prove by the witness on the stand that before bringing these suits before Alderman Rafferty, or any other alderman, he consulted with Mr. C. S. Fetterman, who was one of the regular city solicitor's assistants in reference to the bringing of these suits, and was authorized by him to bring the suits.

Objected to as incompetent and irrelevant.

The Court: Objection sustained.

To which ruling of the court counsel for plaintiff request an exception.

Exception allowed and bill sealed.] [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) to ruling on evidence, reciting same. (2) In giving binding instructions for defendant.

*M. W. Acheson, Jr.*, with him *John N. Piatt*, for appellant.— The plaintiff's right of action rests principally upon the general principle, that fees are recoverable like other debts, and the party for whom the services are done is responsible therefor: Moore v. Porter, 13 S. & R. 100; Harris v. Christian, 10 Pa. 233.

Notice to the assistant solicitor was notice to the solicitor.

The court held that all suits by the city must be authorized by the city solicitor individually, and that his regularly chosen assistant cannot in this particular act for him.

We respectfully submit that this ruling was wrong: (1) be-

cause it violated the fair meaning of the statutes in question in the light of their manifest purpose; (2) because it was an unnecessarily technical, narrow and unreasonable construction of the statute; (3) because the city is estopped to maintain such an interpretation.

Presumably the suits before Alderman Rafferty were regularly authorized.

It is presumed until the contrary is proved, that every man obeys the mandates of the law, and performs all his official and social duties: 1 Greenleaf on Evidence, sec. 40.

Public officers are presumed to do their duty: Best on Presumptions, sec. 68.

We confidently assert that the city wholly failed to make out its defense when it simply offered the special acts of assembly and rested. It not appearing either by the testimony of the solicitor or from his docket that these cases were unauthorized, then, presumably, he authorized them, and the plaintiff should have been permitted to recover.

*James C. Gray*, with him *Clarence Burleigh*, for appellee.— In the absence of express legislation to the contrary, the authority to institute legal proceedings is solely in the councils of the city and neither the mayor, city solicitor or other officer can bind the city without authority of councils: Philadelphia v. McManes, 38 L. I. 450; Lebanon v. Lebanon & A. Ry. Co., 1 Pa. Dist. Rep. 563.

OPINION BY ORLADY, J., July 26, 1900:

M. J. Rafferty was during his life a duly commissioned and acting alderman in the city of Pittsburg. A large number of suits were instituted before him, in the name of the city against divers persons, to recover penalties for failure to comply with an ordinance of the city regulating and providing for vehicle licenses. Some of these suits were proceeded in in such a manner that judgments were entered in favor of the defendants and against the plaintiff for costs of suit. M. J. Rafferty died on March 6, 1897, and this action was brought by his administratrix against the city to recover the aggregate of these unpaid costs which amounted to $1,323.70.

On the trial the defendant offered in evidence two private

acts of assembly, as follows: Section 2, of the Act of February 10, 1859, P. L. 35, "The mayor, alderman and citizens of Pittsburg shall not be liable for costs in any suit in which said corporation may be plaintiff, unless the institution of said suit has been authorized. by the mayor or solicitor of said city;" section 1 of the Act of April 13, 1859, P. L. 599, "That no suit shall hereafter be brought by any city officer in the name of said city, without notice in writing or in person to the regularly chosen solicitor of said city, who shall keep a regular docket of all such suits, and hand the same over to his successor in office."

One D. H. Speer was the duly appointed vehicle officer of the city, whose duty it was to seek out all persons using, contrary to the provisions of the ordinance, any vehicle within the city and to report them to the city treasurer. When he was examined in rebuttal by the plaintiff the following offer was made, viz : "We propose to prove by the witness on the stand that before bringing these suits before Alderman Rafferty, or any other alderman, he consulted with Mr. C. S. Fetterman, who was one of the regular city solicitor's assistants, in reference to the bringing of these suits, and was authorized by him to bring the suits." The offer was objected to as incompetent and irrelevant. The exclusion of the evidence indicated in this offer is the basis of the first assignment of error. The appellee is confined to the ground of the objection taken in the court below: Fidler v. Hershey, 90 Pa. 363. To entitle the plaintiff to recover, she must affirmatively show a substantial compliance with the two acts of 1859, viz: that the suits had been brought by a city officer in the name of the city, that the "regularly chosen solicitor of said city" had notice thereof in writing or in person, and that the suits had been authorized by the mayor or the solicitor of the city.

The offer was reasonably certain and specific as tending to prove that. C. S. Fetterman had authorized the bringing of these suits, and that he was a duly appointed assistant or representative of the city solicitor. The chief of that department had full authority to direct that such suits should be brought. The purpose of the offer was not stated, this being unnecessary unless asked by the opposite counsel or the court. Hence if it was competent for any purpose it was error to reject it: Rail-

road Co. v. Eby, 107 Pa. 166.   The plaintiff might have been compelled to state specifically the use she intended to make of it, or the court might have limited its application, but if admissible for any purpose the court ought not to have rejected it: Kemble Iron Co v. Scott, 15 W. N. C. 220.   It is a strained and too technical a construction to put on this statute to hold that the notice must be given to the regularly chosen solicitor of the city, individually and exclusive of his regularly authorized assistants who are by him specially deputed to act—in the words of the offer—" in reference to the bringing of these suits," as such construction might result in great wrong to the city.   This city officer is charged with many and various duties which require his presence at different places, and that the business of the city may be conducted with certainty and dispatch it is necessary that he should act through " regular city solicitor's assistants."   When a proper notice is given to the assistant, who is designated by the city solicitor to act in such matters, it is a substantial compliance with the statute.   If the plaintiff consulted with such an assistant and acted on his direction in bringing the suits, they were in contemplation of the statute, as fully authorized by the regularly chosen city solicitor, after notice to him, as if the direction to sue had been given by the chief solicitor.   Standing alone the evidence suggested by the offer would not be sufficient to entitle the plaintiff to recover, but it was a step in that direction.   The plaintiff was halted on the threshold of this important branch of his case, by the exclusion of the evidence by which he offered to show the authorization of the suits by the proper city official, and in this there was error.

The first assignment of error is sustained, the judgment is reversed and a venire facias de novo awarded.