## Booth, Appellant, *v.* Dorsey.

| 202 | 381 |
| 220 | 193 |

*Practice, C. P.—Amendments—Parties—Trespass—Acts of May* 4, 1852, *P. L. 574, and April* 12, 1858, *P. L. 243.*

Where in an action of trespass the statement alleges that the negligent act was the joint act of three defendants, and subsequently the plaintiff discontinues the suit against two of the defendants, the statement may be amended so as to charge the same negligent act as the separate act of the remaining defendant. Such an amendment does not change the cause of action.

Argued March 26, 1902. Appeal, No. 29, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1899, No. 338, refusing to strike off nonsuit in case of Elwood Booth v. Michael Dorsey and Patrick S. Smith, trading as Dorsey & Smith. Before McCOLLUM, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BRÉGY, J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in making absolute the rule to

strike off amended statement; (2) in discharging rule for leave to amend statement; (3) In refusing to take off nonsuit.

*Alex. Simpson, Jr.*, with him *Henry C. McDevitt* and *Francis Shunk Brown*, for appellant.—It is admitted, of course, that no amendment will be allowed which introduces a new cause of action or brings in a new party after the time when the statute would bar a suit for that new cause or against that party. But it is clear that an amendment is of right at any time which does not introduce a new cause or a new party: Smith v. Bellows, 77 Pa. 441; Wolf v. Wolf, 158 Pa. 631; Robinson v. Taylor, 4 Pa. 242; Young v. Com., 6 Binn. 88; Coxe v. Tilghman, 1 Wharton, 282; Act of May 4, 1852, P. L. 572; Act of April 12, 1858, P. L. 243; Rangler v. Hummel, 37 Pa. 132; Fidler v. Hershey, 90 Pa. 363; Grier Bros. v. Northern Assurance Co., 183 Pa. 334; Noonan v. Pardee, 200 Pa. 474; Garman v. Glass, 197 Pa. 101; Cohens v. Virginia, 6 Wheaton, 399.

The true criterion is whether the alteration or proposed amendment is a new and different matter—another cause of controversy; or whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with his proof and the merits of his case: Cassell v. Cooke, 8 S. & R. 287; Rodrigue v. Curcier, 15 S. & R. 81; Coxe v. Tilghman, 1 Wharton, 282; Knapp v. Hartung, 73 Pa. 290; Erie City Iron Works v. Barber, 118 Pa. 6; Dutton v. Lansdowne Borough, 198 Pa. 563; Noonan v. Pardee, 200 Pa. 474; Susquehanna Mut. Fire Ins. Co. v. Clinger, 10 Pa. Superior Ct. 102; Howard v. Union Traction Co., 195 Pa. 391.

The joint tort cases require the reversal of this judgment: Dutton v. Lansdowne Borough, 198 Pa. 567; Wiest v. Electric Traction Co., 200 Pa. 152; Hart v. Allegheny County Light Co., 201 Pa. 232.

The present case required no amendment: Wiest v. Electric Traction Co., 200 Pa. 152; Smith v. Bellows, 77 Pa. 441.

*W. W. Smithers*, for appellee.—The practice in the Philadelphia county courts has been to hold that though a discontinuance of an entire suit be irregular it is not a nullity; the suit is no longer pending: Grundy v. Winner, 1 Phila. 400.

The basis of the right to amend under the act of 1806 is the fact that plaintiff has defectively declared his cause of action as to some formal matter: Root v. O'Neil, 24 Pa. 326; Cochran v Arnold, 54 Pa. 399; Fairchild v. Dunbar Furnace Co., 128 Pa. 485.

A change of parties which involves a change of the cause of action is not within the ordinary province of amendments: Garman v. Glass, 197 Pa. 101.

It is submitted that a " cause of action " in every negligence case must contain three elements, viz. : a duty owing by defendant to plaintiff, a violation of that duty, and an injury resulting solely from that violation of that duty: Pomeroy on Remedies, sec. 453; Veeder v. Baker, 83 N. Y. 160; Atchison, etc., R. R. Co. v. Rice, 36 Kansas, 600; 14 Pac. Repr. 229.

Where two or more commit separate trespasses or do separate acts tending to produce injury to another, without concert, there is no joint liability, and consequently there can be no joint recovery: Bard v. Yohn, 26 Pa. 482; Howard v. Union Trac. Co., 195 Pa. 391; Dutton v. Lansdowne Boro., 198 Pa. 563; Wiest v. Electric Trac. Co., 200 Pa. 148; Leidig v. Bucher, 74 Pa. 67.

OPINION BY MR. JUSTICE MESTREZAT, April 28, 1902:

This is an action of trespass to recover damages for alleged negligence.    It was brought against William Steele & Son, Rudolph Blankenburg & Company, and Dorsey & Smith, · the appellees.    The statement avers that on January 14, 1899, the defendants were engaged in altering, repairing and improving a building at the northwest corner of Twenty fourth and Ellsworth streets in the city of Philadelphia, and that in the performance of the work the employees of the defendants negligently and carelessly permitted a brick or bricks, used in said work, to fall from said building, unknown to plaintiff who was properly on the premises, and to strike him violently, thereby greatly injuring him.    Each of the three defendant firms pleaded not guilty.    The case was called for trial and at the close of his testimony, the plaintiff suffered a voluntary nonsuit as to Steele & Son and Blankenburg & Company.    The counsel for the appellees then moved for a nonsuit as to his clients " because they are joint tort feasors, and the action of the court in entering a

nonsuit as to the other two sustains the fact shown by the evidence that there was a single tort committed." The motion was overruled. The counsel for the appellees then declined to offer any testimony, whereupon the plaintiff's counsel moved to amend the statement. The appellees pleaded surprise and the case was continued. The plaintiff's counsel stated that he would formally discontinue of record the action as to Steele & Son and Blankenburg & Company. On October 15, 1901, the discontinuance was entered. On the same day an amended statement was filed by leave of the trial judge which on October 29, 1901, the court struck off. On November 22, 1901, the plaintiff took a rule on Dorsey & Smith to show cause why he should not be allowed to file an amended statement, charging them with the negligence averred in the original statement. This rule was supported by an affidavit of mistake. An answer was filed by the appellees and on December 16, 1901, the rule was discharged. In this condition of the record, the case was again called for trial on January 28, 1902. The counsel for the appellees objected to the jury being sworn "on the ground that this suit having been brought against three several defendants, and the record showing a discontinuance as to two of the parties, and the statement of claim being as originally filed, there is no cause which can be properly tried at this time and as to which the jury could be sworn." Under exception, the court permitted the jury to be sworn. By agreement of counsel, "the stenographer's notes of the case formerly tried shall be considered as having been taken at this time." The evidence taken on the former trial was considered as admitted. The appellees moved for a nonsuit, which was granted and which the court subsequently refused to take off. No opinion was filed by the court below giving the reasons for refusing leave to file an amended statement or for refusing to take off the nonsuit. From what was said in the oral argument of counsel, however, we infer the learned trial judge thought that the action having been brought against the three firms, charging them as joint tort feasors, the pleadings could not be amended and the action be prosecuted against the appellees so as to charge them with a separate liability for the act resulting in the injury to plaintiff.

The appellant has assigned for error the action of the court

(1) in making absolute the appellees' rule to strike off the amended statement, (2) in discharging the appellant's rule for leave to amend the statement, and (3) in refusing to take off the nonsuit.

The amendment proposed by the plaintiff did not change the cause of action. As we have seen, the original statement averred that the plaintiff's injuries were caused by the negligent performance of certain work on the building at Twenty-fourth and Ellsworth streets. The proposed amended statement alleges the same cause of action, to wit: that in the performance of the same work on the building the defendants carelessly and negligently permitted a brick or bricks to fall from the building, unknown to the plaintiff who was legally on the premises, and to violently strike him, thus causing his injuries. The complaint or cause of action, therefore, as alleged in both statements was the performance of the same act in the same negligent way. The only difference between the two statements was that in the original, the tort was alleged to have been the joint act of the three firms, while in the amended statement it was laid as the separate act of the appellees. This did not constitute a change in the cause of action.

The act of May 4, 1852, authorizes an amendment by changing or adding the name of any party at any stage of the proceedings when it appears that a mistake has been made in the name of such party. And this act is construed by the act of April 12, 1858, to authorize the court where by reason of there being too many persons included as plaintiffs or defendants, by mistake, as will prevent the cause from being tried on the merits, to permit an amendment by striking out from the suit such persons as plaintiffs or defendants. These statutes have always been construed liberally in furtherance of a trial upon the merits: Fidler v. Hershey, 90 Pa. 363. In Rangler v. Hummel, 37 Pa. 130, THOMPSON, J., speaking for the court, says: " We have so often decided, under our several statutes of amendments, that parties might be stricken out, or added, whenever this was necessary to a trial on the merits of the case, that we do not deem it necessary to cite authorities on the subject. This is the plain requirement of the act of May 4, 1852, as construed by the act of April 12, 1858. Whenever the rights of a party are liable to be defeated by having joined too few or

too many plaintiffs or defendants, these amendments may be made. In such circumstances the fact of mistake is hardly debatable ; it will be presumed if without them the case may not be fully tried." The mistake for which an amendment should be allowed may be either of fact or law, and when it is made to appear, it is the duty of the court to correct it: Kaylor v. Shaffner, 24 Pa. 489.

It is apparent therefore that the plaintiff should have been permitted to file his amended statement. The nonsuit had eliminated the other parties from the case, and the proposed amendment to the statement did not change the cause of action. The plaintiff had brought himself literally within the acts of assembly authorizing amendments. He filed an affidavit in which it was made to appear that a mistake had been made in bringing the action by including too many persons as defendants, and that such a mistake would prevent the cause from being tried upon its merits.

Having disposed of the technical question on which the court below granted the nonsuit, we will refrain from expressing any opinion on the merits of the case which will be fully developed on the retrial.

The second and third assignments of error are sustained, the judgment is reversed and a procedendo is awarded.