## THOMPSON–STARRETT CO. v. HEINOLD.
### No. 4847.

Circuit Court of Appeals, Third Circuit.
Aug. 5, 1932.

Howard Burtt and Guckes, Shrader, Burtt & Thornton, all of Philadelphia, Pa., for appellant.

Isabel Drummond, Charles H. Drummond, and Henry J. Scott, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania upon a verdict for the plaintiff below. The plaintiff brought suit in trespass against Fred Dominic and Thompson-Starrett Company to recover damages for personal injuries sustained as the result of an alleged willful, malicious, wanton, and unprovoked assault and battery committed upon the plaintiff by Dominic. Thompson-Starrett Company was the general contractor for work upon the Penn Athletic Club building in Philadelphia. Dominic was an employee of the Thompson-Starrett Company, and the plaintiff was an employee of a subcontractor. On December 18, 1925, Dominic, who was about to set up a water trough for the mixing of mortar in the part of the building in which the plaintiff was working, ordered the plaintiff to remove himself and his equipment to another location. When the plaintiff failed to comply with this order, Dominic committed the complained-of assault by striking the plaintiff on the head with a lead pipe.

Upon the first trial the judge directed a verdict for the defendant, Thompson-Starrett Company. Dominic did not appear, and the case against him was not submitted to the jury. Subsequently a new trial was granted as to the defendant, Thompson-Starrett Company. The plaintiff then filed a præcipe ordering the suit as against Dominic discontinued and ended, and filed an amended statement setting out his claim against Thompson-Starrett Company as sole defendant. The case was called for trial upon the issue between the plaintiff and Thompson-Starrett Company only. The jury found a verdict for the plaintiff. The defendant's motion for a new trial was denied, and judgment was entered on the verdict.

The defendant contends that an employer cannot be held responsible in damages for a willful, malicious, wanton, and unprovoked assault and battery committed by an employee, where there is no evidence that the employee was acting under instructions or with the knowledge or consent of the employer in making the assault.

It is undisputed that in the early cases a master was held not liable for the tortious act of his servant, when the act was wanton and malicious. In later cases, the master is held liable for the wrongful act of the servant, notwithstanding its wanton and malicious character, if the act was done in the course and within the scope of his employment, and the determination of the question whether the tort was committed while the servant was acting in the course and within the scope of his employment is for the jury.

In Cooper v. American Stores Co., 97 Pa. Super. Ct. 474 (1929), a clerk of the American Stores Company was sweeping the store. He ordered the plaintiff, a young girl, to leave the store, and, when she failed to do so, he struck her upon the head with the broom. The defense was that the assault

and battery was a malicious act which took it outside the clerk's line of duty. The appellate court ruled that the question whether the assault and battery was committed in the course and within the scope of the clerk's employment, was properly submitted to the jury.

In Durando v. Philadelphia Rapid Transit Co., 80 Pa. Super. Ct. 65 (1922), during a dispute which arose between a passenger upon defendant's trolley car and the conductor concerning a transfer, the conductor struck the passenger on the head with a blackjack. The court held that the question whether the conductor's conduct was personal or committed within the scope of his employment was properly submitted to the jury.

Other pertinent cases sustaining the plaintiff's contention are Rice v. Gibson, 94 Pa. Super. 541; Penna. Mining Co. v. Jarnigan (C. C. A.) 222 F. 889; Schultz v. Brown (C. C. A.) 256 F. 187.

The trial court in the instant case was not in error in submitting this question to the jury.

The defendant's second contention is that, if a master and servant are sued jointly for an assault and battery upon a cause of action alleging a joint trespass, vi et armis, the plaintiff, after the statute of limitations has run, cannot discontinue as to the servant and proceed against the master alone for such servant's wrongful act as if in trespass on the case. The plaintiff presents this question from a different angle. He maintains that, where a statement of claim in a suit brought against master and servant jointly and severally alleges a wrongful act, for which each is primarily responsible and chargeable for the entire damage, he may, at any time after suit is started, exercise his choice of proceeding against the master by discontinuing the suit against the servant. In this suit, the statement of claim in general terms supports not only a joint action against both the master and the servant, but a several action against each. The servant is responsible for a tort committed by himself and the master for a tort committed by the servant in the course and within the scope

of his employment. The fact that the statement of claim nowhere contains an allegation in so many words as to several liability is immaterial, since that is a conclusion of law which need not be specifically pleaded.

The real issue is whether the plaintiff's discontinuance as to Dominic, one of the two defendants, constituted the introduction of a new cause of action against Thompson-Starrett Company, the remaining defendant. The case of Booth v. Dorsey, 202 Pa. 381, 51 A. 993, is determinative of this point. An action in trespass was brought against three defendants, jointly and severally, to recover for alleged negligence. The plaintiff suffered a voluntary nonsuit as to two of the defendants. Two years after the suit was begun, plaintiff discontinued of record as against two of the defendants and filed an amended statement of claim which the court later struck off. Over the defendant's objection, the court permitted the jury to be sworn. The defendant moved for a nonsuit, which was granted, and an appeal was taken from the refusal to take off the nonsuit. The Supreme Court, in reversing the judgment of the lower court, citing in its opinion the applicable statutes authorizing amendments in pleadings, said:

"The amendment proposed by the plaintiff did not change the cause of action. * * * The only difference between the two statements was that in the original, the tort was alleged to have been the joint act of the three firms, while in the amended statement it was laid as the separate act of the appellees. This did not constitute a change in the cause of action.

" * * * These statutes have always been construed liberally in furtherance of a trial upon the merits. * * *

"It is apparent, therefore, that the plaintiff should have been permitted to file his amended statement. The nonsuit had eliminated the other parties from the case, and the proposed amendment to the statement did not change the cause of action."

We find no reversible error in the rulings of the court below.

Judgment affirmed.