## Neff v. Daniel J. Keating Co.

*Lippincott & Donaldson,* for plaintiff.

*Edward F. Cantlin, John F. Cramp, Robert W. Beatty* and *Ernest L. Green, Jr.,* for defendants.

DIGGINS, J., June 24, 1958.—Plaintiff in this action filed a complaint in trespass alleging that she fell in a hole on the sidewalk of Sixty-ninth Street, Upper Darby, Delaware County, on June 21, 1954. Suit was instituted against four defendants in four separate counts, one against each defendant: (1) The company whose agents allegedly dug the hole, Keating; (2) the

company occupying the premises as tenant, Algee, originally called Ansonia Deluxe Footwear Company prior to amendment; (3) the owner of the property, Community House; and (4) the manager of the property, McClatchy. The complaint initially sets forth these facts in paragraphs 1 to 3, inclusive.

In paragraphs 4 to 11, inclusive, encompassing the first count, the suit against Keating, it was alleged that defendant Keating's agents excavated the hole, that Keating was negligent in failing to maintain the pavement in a safe condition, in breaching its duty to the public by failing to erect barricades and in neglecting to give warning of the dangerous condition.

Paragraph 7 of the complaint states "that defendant either knew or should have known, or could have easily ascertained, of the existence of said hole and its consequent menace to travelers thereon." Paragraph 8 alleges "that prior to this occurrence she (plaintiff) had neither knowledge nor notice of the existence of the above described hole or depression and that said hole or depression constituted a dangerous condition, a public nuisance, and a menace to travelers upon the pavement." In paragraph 9, it is stated by reason of the above negligence "and the negligence of the other defendants, plaintiff sustained injuries. . . ." None of these allegations in paragraphs 7 to 9 is limited to Keating, but rather use the words "defendant" or "defendants" generally.

In the second, third and fourth counts against the three other defendants, the complaint in each separate count and instance specifically states that "plaintiff *incorporates by reference* all the allegations of paragraphs 1 to 11, inclusive, as fully as though set forth at length here." (Italics supplied).

In addition, as an alternative charge of negligence in each count against each of the other three defendants supplementing the charges incorporated by reference,

the complaint states that "plaintiff *further* avers" or "*further* avers alternatively that . . . the negligence . . . of Keating is imputed to . . ." each of the other three defendants. (Italics supplied.)

Although plaintiff contends that paragraphs 12, 14 and 16, specifically incorporating by reference all prior general allegations of negligence, thus include by reference allegations of negligence against the other three defendants, the three defendants, other than Keating, disagree with this conclusion and intend to object at trial to evidence being offered of negligence other than by imputation. Plaintiff has filed the present petition to amend the complaint by amplifying and clarifying the charges of negligence against the three defendants other than Keating.

Keating has filed no answer to the petition for rule to show cause why the complaint should not be amended and hence may be deemed not to oppose the amendment. Answers have been filed by the other three defendants opposing the amendment on the ground that they will assert a new cause of action and that the statute of limitations bars such amendments.

Although plaintiff asserts that there are several questions involved, we think that basically there is only one question involved, and that is whether or not the proposed amendments assert any new causes of action or do they merely seek to clarify and amplify?

The general rule is that an amendment will not be allowed after the statute of limitations has become a bar which introduces a new or different cause of action or brings new parties into the case to the injury of defendant or deprives the latter of valuable rights which had become vested: Leland v. Firemen's Insurance Company of Newark, 127 Pa. Superior Ct. 533 at 539. In a case involving the converse of the present situation, it was held that such an amendment does not change the cause of action.

In Booth v. Dorsey, 202 Pa. 381, where in an action in trespass, the statement alleged that the negligent act was the joint act of three defendants, and subsequently plaintiff discontinued the suit against two of the defendants, the statement was amended to charge the same negligent act as the separate act of the remaining defendant and this was held not to be a change in the cause of action, and in Leland v. Firemen's Insurance Company of Newark, supra, there is discussed amendments offered after the time when a new action might have been brought and were held to be proper because they made no change in the cause of action, that is, where the statement was amended by averring specifically a violation by defendant of the Child Labor Act (Goldberg v. Friedrich, 279 Pa. 572, 124 Atl. 186), where plaintiffs were allowed to set up an additional element of damage drawn out of the circumstances averred in the statement as originally filed (Armstrong & Latta v. City of Phila., 249 Pa. 39, 94 Atl. 455), where the amendment restated more accurately the effect produced by a change in a machine (Coll v. Westinghouse Electric & Manufacturing Company, 230 Pa. 86, 79 Atl. 163), where a plaintiff was allowed to amend her statement in an action of slander by changing the actionable words (Stoner v. Erisman, 206 Pa. 600, 56 Atl. 77), where a statement charging three defendants with a joint negligent act was amended so as to charge it as the separate act of only one of them, eliminating the others (Booth v. Dorsey, supra), where an amendment was allowed as to the damages claimed after verdict and after the statute of limitations had run (Parsons Trading Co. v. Dohan, 312 Pa. 464, 469, 167 Atl. 310), where plaintiff was permitted to change his action to tort for deceit instead of assumpsit for money had and received, the facts averred being the same: Smith v. Bellows, 77 Pa. 441.

None of these cases, except Booth v. Dorsey, supra, resolve the question of what is the cause of action in a negligence case for personal injuries. This question, however, came up and seems to us to have been flatly decided in Cox v. Wilkes-Barre Railway Corporation, 334 Pa. 568. This was an action in trespass in which plaintiff charged defendant company with a violation of duty on the part of the motorman of the trolley car which collided with plaintiff's automobile, the violation of duty so charged consisting of (a) operating the car at reckless speed, (b) in approaching a street intersection without warning, and (c) failure to have the car under control. The court properly refused to allow plaintiff to amend her statement of claim by adding thereto, more than four years after the accident, an averment that defendant was negligent in failing to maintain, in reasonably safe condition, its right of way on the highway, by permitting deep and dangerous ruts to accumulate and remain thereon, making it unsafe for other vehicles to travel the highway.

In the present case, the original negligence is charged directly against Keating and his negligence allegedly imputed to each of the other defendants, and the amendment seeks to allege independent negligence against the other three defendants after the statute has run.

In Cox v. Wilkes-Barre Railway Corporation, supra, the court said:

"The phrase 'cause of action' in a trespass case means the negligent act or acts which occasioned the injury," quoting Martin v. Pittsburgh Railways Company, 227 Pa. 18, 75 Atl. 837, and held that a change in the type of negligence alleged was introducing a new cause of action. If that be the law, then a change from imputed negligence to direct negligence is the intro-

duction of a new cause of action, and indeed, in Cox v. Wilkes-Barre Railways Co., supra, the change was exactly that, since originally defendant was sought to be held responsible by imputing the motorman's negligence to the company, whereas under the proposed amendment, the company's negligence would be direct in that its responsibility to maintain the right of way was involved.

If Booth v. Dorsey, supra, needs to be distinguished from Cox v. Wilkes-Barre Railways, supra, there would appear to be some differences in that in the former case, the action was first brought against three alleged joint tortfeasors, charging that a particular action was committed by all three of them. The amendment sought to charge that the same act was committed only by the one defendant. This, to our mind, is different than the present case because in the present case, and in Cox v. Wilkes-Barre Railways, supra, plaintiff is now for the first time contending that the act was committed directly by the other three defendants.

In any event, the Supreme Court in Cox v. Wilkes-Barre Railways Company, supra, has specifically defined the phrase "cause of action" in trespass cases and held that it means the negligent act or acts which occasioned the injury and direct negligence is different from imputed negligence. Although this case was decided in 1939, we cannot find that it has been modified or limited in any way.

Therefore, it is succinct, understandable and must be held to be the law applicable in this case, and therefore we make the following

### Order

And now, to wit, June 24, 1958, the amendment is refused and the rule to show cause is discharged.

An exception is allowed to plaintiff.