## AMER *v.* LONGSTRETH.

</div>

<div align="right">10     145<br>41SC ²407</div>

If a defendant in his prayer for instructions sets up a broader right than he is entitled to, the judge should not deny it altogether, but should explain to the jury the true extent of his right.

Where parties have entered into an amicable action to try their respective rights to a division-wall, part of which has been wrongfully used by defendant, it is error to instruct the jury that, if there had been a wanton invasion of plaintiff's rights, they were not confined to the actual damage done.

In error from the District Court of Philadelphia.

*March* 12. The ancestor of the plaintiff below, having erected a wall on his land, thirteen inches in thickness, conveyed part of the land on which it stood, viz., three inches in width in front, and two and a half inches in width in the rear, to the defendant. The defendant erected a house on his adjoining land, and, in order to rest the joists in the wall, broke into it beyond his boundary-line. The plaintiff procured him to be arrested and bound over to keep the peace; but those proceedings were settled, and this amicable

action, waiving objections as to form, commenced "to settle certain claims, made in relation to a wall on the division line between the parties."

The defendant's counsel requested the judge to charge, that the grantee of the lot on which the wall was partly erected, together with the buildings, &c., was entitled to break into and rest his joists in the wall.

SHARSWOOD, P. J., denied the point, saying, "This is not a party-wall. The defendant would have a right to cut off so much of that wall as was built on his ground. But he had no right to trespass on his neighbour's ground, or use any part of the wall which did not belong to him. As to the damages—the jury are not confined in actions of trespass to the actual damage, if the case show a wanton invasion of plaintiff's rights."

*Kennedy*, for plaintiff in error.—The defendant had a right to use the wall, as a party-wall: 7 W. 460; 2 Hilly. Abr. 118, 122; 3 Kent. 436. In an amicable action to settle the claims to the wall, the measure of damages could not exceed the actual damage.

*E. K. Price*, contrà.—This was not a party-wall—and the defendant took only so much as was conveyed to him: 2 Miles, 247; 5 Taunt. 20; 5 Wh. 18. There was here matter of aggravation—a wanton use of the plaintiff's property, without an offer of compensation.

*March* 19.    BELL, J.—Admitting the wall in question is not a party-wall, under the act of 1721 (Oat *v.* Middleton, 2 Miles, 247), we yet think the learned judge below fell into an error, in his answer to the point submitted by the plaintiff in error. By the several conveyances under which he holds, the original owner of the large lot of ground conveyed to him, by metes and bounds so specifically described as to preclude all question of the extent of his lot. An admeasurement, the correctness of which is not doubted, shows that the wall in dispute stands upon the rear of this lot, two and a half inches in width, and from thence gradually increasing, towards the front, to three inches. The effect of the precision of description, to which I have alluded, is, on the one hand, to restrain the plaintiff in error from claiming an interest in the ground, or the superstructure thereon, beyond his northern line; but, on the other, it gives him full dominion over and property in all contained within that limit, *cujus est solum, ejus est usque ad cœlum.*

One consequence of this dominion, as is admitted in the charge, is, to vest in the owner the right to remove so much of the wall as stands upon his freehold; or, if this possibly admits of question, because of the injury to the house of the prior occupant, it certainly confers a right to use so much of the wall as is erected upon his ground, for any purpose that may be useful to him, in the same manner as if he himself had built it. Asserting this right, the defendant's counsel, on the trial of the cause, requested the judge to instruct the jury, that the grantee of the lot on which the wall was partly erected, was entitled to break into, for the purpose of resting his joists upon it. But this general proposition was denied, in such terms as appears to us were calculated to mislead the jury to the conclusion that every interference with the wall, for the purpose of resting the joists of the new erection thereon, was unwarrantable. This may not have been intended, and, possibly, what we have of the charge on the paper-book was accompanied by additional instructions, which removed all chance of misapprehension. But, as we have it, it is not so explicit as the defendant had a right to ask and expect. Admitting his point was somewhat too broadly put, it ought not flatly to have been denied. This denial was, perhaps, in some degree qualified by what followed, but not sufficiently so, as entirely to remove the objection. The jury ought to have been instructed as to the precise extent of the defendant's property in the wall, and his rights consequent upon it, and guarded against the error of allowing to the plaintiff damages, for the mere act of breaking in on the structure, to the extent of the defendant's interest. I can conjecture, from the printed charge, that this was probably attended to, but I cannot assert positively it was. If no more was said on this head than is sent up with the record, it may well be suspected the jury acted under a misconception of the respective rights of the contending parties. The jury was correctly told, the defendant had no right to use any part of the wall which did not belong to him; but I do not find, anywhere, a distinct indication of how much of it did belong to him. It will not suffice to answer, that this instruction was not called for. The spirit of the defendant's point required it, though, as I have said, the language in which it was clothed is a little too general.

But the charge is, in another point, open to a still stronger objection. This litigation originated in a legitimate dispute on the subject of doubtful rights. So far as the evidence discloses

the facts, it was unattended by malicious violence or outrage of any kind. If any harshness of feeling or conduct was manifested, it is imputable to the plaintiff, who caused the defendant, or his workmen, to be criminally arrested, for what was, at most, a civil trespass. But this hasty step was soon retraced. The criminal process was withdrawn, and, as the parties themselves expressed it, with the view "to settle certain claims made in relation to a wall on the division-line between them," they agreed to enter, in the District Court, an amicable action on the case. Under this agreement the cause came to trial, and the testimony, as delivered on both sides, shows the sole subject of inquiry was the extent of relative rights, and the degree of pecuniary injury inflicted on those of the plaintiff, or rather, the value to the defendant of the encroachments committed by him, under a claim of right. There was no suggestion of wanton or unnecessary injury—no whisper of attempted oppression or malicious mischief. In this state of the case, the court very properly pointed out to the jury the ordinary measure of compensatory damages, and what might furnish the standard in this instance. In this there is no ground for complaint. But for some reason, which to me is not apparent, the learned judge proceeded to say, "In these actions of trespass, the jury are not confined to the actual damage sustained; they may go beyond that, if the case shows a wanton invasion of the plaintiff's rights, or any circumstances of aggravation or outrage. This is for the jury to determine, and, within reasonable bounds, it is a matter peculiarly within their control." This is a correct statement of an abstract rule; but how was it applicable to the case under trial? It is not an action of trespass, and I look in vain for circumstances of aggravation and outrage; and yet it is difficult to doubt that it had an influence with the jury, since they found, in damages, a sum greater than the value of a moiety of the division-wall. But as we have no means of ascertaining whether they were so influenced, it is enough they may have been so. The rule is that, where, from all the evidence, the case presented is one for compensation merely, it is error to instruct the jury they may give vindictive damages: Rose v. Story, 1 Barr, 190. Such an error, we think, was committed here.

Judgment reversed, and a *venire de novo* awarded.