## Perry *v.* Pittsburgh Union Passenger Ry., Appellant.

*Street railways—Carriers—Ejection of passengers.*

A street railway company is liable in damages for the ejection of a passenger for nonpayment of fare where it appears that the passenger had dropped his fare in the box in obedience to the posted rule of the company, and had no knowledge of private directions given to the drivers to go through the cars when crowded and collect the fares.

*Measure of damages—Injury to feelings.*

In such a case the passenger is entitled to recover for the injury to his feelings and the humiliation inflicted upon him by the trespass.

Argued Nov. 8, 1892.   Appeal, No. 257, Oct. T., 1892, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1890, No. 441, on verdict for plaintiff, W. L. Perry.   Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for ejection from street passenger railway car.

The facts appear by the opinion of the Supreme Court.

Defendant's point asking for binding instructions was refused by the court, MAGEE, J. [1]

Plaintiff's point was among others as follows:

" 3. That if the jury so believe they should find for the plaintiff a sufficient sum to compensate him for any loss of money and time suffered by him on account of the said trespass, also for any inconvenience and for any injury to his person and to his health, and also for the injury to his feelings and the humiliation inflicted on him by the said trespass. *Answer:* This point is affirmed." [4]

Verdict and judgment for plaintiff for $200.   Defendant appealed.

*Errors assigned* were (1, 4) instructions, quoting them as above.

*W. R. Blair, W. S. Pier,* with him for appellant, cited Lillis v. St. Louis & K. C. R. R., 64 Mo. 464; Dietrich v. P. R. R., 71 Pa. 432; Hall v. Memphis & C. R. R., 15 Fed. R. 57.

*Harvey Henderson,* for appellee, not heard, cited B. & O. R. R. v. Bambrey, 16 Atl. R. 67; s. c., 2 Mona. 109.

PER CURIAM, January 3, 1893:

It cannot be seriously contended that the plaintiff was not unlawfully put off of the defendant company's car. There was no conductor on the car, and the plaintiff dropped his fare, five pennies, into the box placed in the car to receive the fares of passengers. He says in his testimony that the box had printed on the outside, "Deposit the fare here;" also that there was a notice on the left of the box saying, "All passengers will please deposit their fare, as the driver is not allowed to collect or deposit it under any circumstances." Notwithstanding this, the driver, with notice that the plaintiff had dropped his fare in the box, informed him that he would have to pay another fare to him, the driver. Without going into all the minor detail of what occurred between the plaintiff and the driver, it is sufficient to say that the plaintiff was put off the car for nonpayment of his fare.

It was alleged on the part of the defendant company, and there was evidence of the fact, that shortly before this time the defendant company had given private directions to its drivers to go through the cars when crowded and collect the fares, but it was not pretended that the plaintiff had knowledge of any such arrangement, until informed of the same and his fare demanded a second time after he had dropped his fare in the box in obedience to the posted rule of the company. That rule warned him that he had no right to pay the driver, the very man who now demanded a second fare. The company cannot be permitted to set such a trap as this to catch passengers who have paid their fare in good faith.

The right of the plaintiff to recover being clear, nothing remains but the question of damages. Upon this point we find no serious error in the charge of the learned judge below.

Judgment affirmed.