## Greenwood, Appellant, *v.* Union Traction Company.

*Evidence—Cross-examination—Residence—Citizenship.*

Where a plaintiff in an accident case has been permitted to show his residence, he may be asked on cross-examination whether he is a citizen of the United States.

*Negligence—Street railways—Damages—Punitive damages—Pushing passenger from car.*

Where the conductor of a street railway car without previous ill will, and without unkind words declines to receive an intoxicated man as a passenger, and when the latter attempts to board the car, pushes him on the breast so that the man falls from the car and is injured, the street railway company is liable for compensatory, but not punitive damages.

The recovery of exemplary damages from a master for injuries inflicted by the servant, which the master neither authorized nor approved, is not to be permitted except in a very clear case. Such damages are allowed only where the act complained of has been committed willfully and maliciously. or, in the absence of actual malice, where it has been committed under circumstances of violence, oppression, outrage or wanton recklessness; in the absence of proof of these circumstances of aggravation, compensation merely is the rule.

Argued Oct. T., 1905. Appeal, No. 158, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1902, No. 1,125, on verdict for plaintiff in case of James Greenwood v. Union Traction Company. Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :

[Now, as you take one or the other of those views, you will come to the conclusion, first, whether the defendant was negligent; and, second, whether the plaintiff was careless. Because, if the conductor pushed the man off after he got upon the step of the car, with violence enough to throw him to the ground and injure him, and then started the car, that is evidence from which you may find—you are not bound to find it —but you may find that the action of the conductor was negligent or careless.] [2]

[In this case there has been a request made by the plaintiff's counsel for me to allow you to determine whether or not the conductor was guilty of such grossly negligent conduct, or such willful misconduct, as to justify you in finding a verdict against the defendant company for what are called in the law exemplary damages. I shall explain that a little more fully hereafter, but in my opinion there is no evidence to submit to you on that point. I do not think there is any evidence that the conductor willfully and maliciously pushed the man off, nor is there any evidence that the circumstances were those of violence, oppression, outrage or wanton recklessness. It is the duty of the court to determine upon any question of fact whether there is any evidence to go to the jury, and, without elaborating the question, I instruct you that there is no evidence which would justify you in inflicting a verdict for what are called exemplary damages. That is, you cannot, as the learned counsel for the plaintiff urged you to do, give a verdict against this defendant company in this case as an example, for that is what exemplary means ; nor can you give a verdict in dollars and cents under the evidence in this case to punish the

defendant, which is called a punitive verdict. I shall not take your time in going into the law. It is well established in Pennsylvania that for a wanton or malicious act of an employee a company may be punished. There may be such wanton and malicious circumstances as to justify a jury, under proper instructions from the court, in punishing a defendant, but our highest courts have said that it is the duty of the judge who is trying the case to determine whether or not there is such evidence, and, after careful consideration, I have come to the conclusion that there is not. I have heard no evidence which persuaded me that the conductor acted wantonly or recklessly. He acted, as far as the evidence shows—whether or not he made a mistake in carrying it out—under the belief that the man was an intoxicated person, and there is nothing to show that he acted wantonly. I shall not elaborate this, because I have taken the question away from you, but shall simply say that I heard no evidence, and there was none, to justify a verdict for exemplary damages.] [3]

Verdict and judgment for plaintiff for $200. Plaintiff appealed.

*Errors assigned* were (1) in permitting the plaintiff to be questioned as to his citizenship; (2, 3) above instructions, quoting them.

*Pierce Mecutchen*, with him *Joseph H. Taulane*, for appellant. —The appellant contends that the small amount of the verdict was directly due to the fact that the court charged the jury that there was no evidence upon which they could award punitive damages, which charge was erroneous because there was evidence that the conductor, without any good cause, pushed the plaintiff backward off defendant's car, while the car was in motion, which appellant contends showed both wantonness and recklessness: Lake Shore, etc., Ry. Co. v. Rosenzweig, 113 Pa. 519; Artherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141; McDonough v. R. R. Co., 137 Mass. 210; Phila. Traction Co. v. Orbann, 119 Pa. 37; People's Nat. Gas Co. v. Millbury, 2 Mona. 145; Huling v. Henderson, 161 Pa. 553.

The appellant contends that the fact that the plaintiff was not a naturalized citizen was absolutely irrelevant to the case,

and that its admission in evidence on behalf of the defendant was calculated to prejudice the jury against the plaintiff, and in view of the smallness of the verdict, constitutes a proper ground for reversal.

*Thomas Leaming*, for appellee.—The court was correct in charging that the evidence did not warrant smart money or punitive damages : Philadelphia Traction Co. v. Orbann, 119 Pa. 37; Lynch v. Troxell, 207 Pa. 162; Artherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141; Pittsburg, etc., R. R. Co. v. Pillow, 76 Pa. 510; Pittsburg, etc., Ry. Co. v. Hinds, 53 Pa. 512.

OPINION BY PORTER, J., April 24, 1906 :

The plaintiff brought this action to recover damages for injuries alleged·to have been sustained by him, in falling after having been pushed from a moving car by a conductor of the defendant company.   The plaintiff had testified in chief that he resided at Frankford, in the city of Philadelphia, and the court below permitted him to be asked on cross-examination whether he was a naturalized citizen, which is the foundation of the first specification of error.   The plaintiff having seen fit to prove his place of residence, there was no impropriety in permitting the defendant to inquire whether he was a citizen of the United States as well as a resident of the city of Philadelphia.   The admission of this evidence certainly did the plaintiff no harm, for the jury rendered a verdict in his favor, although his cause was sustained only by his own testimony and that of three witnesses, while their testimony was contradicted by that of seven witnesses, five of whom were disinterested.

The second specification of error is without merit.   When the court said to the jury : " If the conductor pushed the man off after he got upon the step of the car, with violence enough to throw him to the ground and injure him, and then started the car, that is evidence from which you may find . . . . you are not bound to find it, but you may find that the action of the conductor was negligent or careless," it was not repeating nor attempting to repeat the testimony.   The jury could only have understood that if from all the testimony they found the

fact to be as stated, that it was for them to say whether the action of the conductor was negligent. The learned judge in no part of his charge misquoted the testimony. Whether the car had started when the conductor put his hand upon the breast of the plaintiff and told him that he could not enter the car was, under the evidence, a disputed fact. The jury found that the conductor was negligent. The language of the judge, complained of in this assignment, had no possible bearing on any other question involved in the case, and the specification of error is dismissed.

The third and fourth specifications of error go to the refusal of the learned judge of the court below to instruct the jury that they might under the evidence find a verdict against the defendant company for exemplary damages. The plaintiff recovered a verdict, under instructions of the court as to compensatory damages which were clear and full and as to which the plaintiff has assigned no error, in a sum which, in the light of the testimony, cannot be pronounced inadequate. He thinks he should have more, because the defendant company should be punished for the alleged wrongful act of its servant.

The conductor declined to receive the plaintiff as a passenger, stating as his reason that the latter was under the influence of liquor. That the plaintiff had been drinking is an undisputed fact. He admitted that he had had three drinks shortly before attempting to board the car, but testified that he was not drunk. He was, as to the latter fact, contradicted by several witnesses. If the plaintiff was drunk the conductor was justified in declining upon that ground to receive him as a passenger, doing so in a proper manner: Pittsburg & Connellsville Railroad Co. v. Pillow, 76 Pa. 510. He had, however, no right to push him in such manner as to injure him.

The plaintiff in his testimony thus described the occurrence. When the car stopped he attempted to board it and the conductor told him to wait until some passengers had alighted. "When they got off, I stepped on the step again with the handle-bar in my hand. He pulled the bell and started the car, and he put his hand on my breast and he said, ' You can't come on this car.' I lost my foothold. I was trying to gain it again by hanging on to the handle-bar, but the car was going along and I had leave to go. . . . I fell in the street." The

testimony of the plaintiff was in a measure corroborated by that of three witnesses called by him. One of these witnesses, MacFarland, testified: " He (Greenwood) got on the step and stood there a while, and the conductor told him to get off. When the conductor told him to get off he wouldn't get off. So he told his friend down on the street to take him off. Q. Who told his friend to take him off? A. The conductor. Q. He told Greenwood's friend? A. Yes. The friend didn't have time to take him off, so he reached for the bell quick and gave the man a shove and he fell on the back of his head. The car had just started up." Seven witnesses, five of whom were disinterested, testified that the conductor did not push the plaintiff from the car; that the latter was standing in the street when the car started, that he grabbed the handrail and was dragged by the car, that the conductor pulled the bell to stop, but, although the car was stopped within fifteen feet of the point from which it started, the plaintiff fell to the ground before it came to a standstill. The jury found, however, in favor of the plaintiff, and it must be assumed that the conductor pushed the plaintiff and that the latter as a consequence fell from the car.

The recovery of exemplary damages from a master for injuries inflicted by the servant, which the master neither authorized nor approved, is not to be permitted except in a very clear case: Artherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141. Such damages are allowed only where the act complained of has been committed willfully and maliciously, or, in the absence of actual malice, where it has been committed under circumstances of violence, oppression, outrage, or wanton recklessness; in the absence of proof of these circumstances of aggravation, compensation merely is the rule: Nagle v. Mullison, 34 Pa. 48. There must be willful misconduct, or that entire want of care which would raise a presumption of " conscious indifference to consequences: " Lake Shore & Michigan Southern Railway Co. v. Rosenzweig, 113 Pa. 519; Lynch v. Troxell, 207 Pa. 162; Milwaukee & St. Paul Railway Co. v. Arms, 91 U. S. 489. When these principles are applied in an action for personal injuries suffered by the negligence of a servant, it is evident that, in order to permit of a recovery of exemplary damages, there must be actual malice,

or such a reckless and conscious indifference to the rights of others as would, in a criminal proceeding, sustain an inference of legal malice. The motive of the defendant becomes material, there must be some wrong motive accompanying the wrongful act: Lynch v. Troxell, 207 Pa. 162; Pittsburg Railway Company v. Lyon, 123 Pa. 140.

There had been no previous ill-will upon the part of the conductor towards the plaintiff, and there was not an unkind word spoken at the time of the occurrence. All that appears is that the conductor pushed the plaintiff on the breast. The testimony of the plaintiff does not indicate that the push was a violent one, and he is the one person who ought to know whether he was roughly handled. The conductor declined to receive him as a passenger and gave his reason therefor, but there was no evidence of anger or conscious indifference to the consequences. While the witnesses contradict each other as to whether the car was in motion and whether the plaintiff was standing on the step or in the street at the time the conductor told him he could not enter the car, they all agree that the conductor very promptly stopped the car as soon as it became evident that the plaintiff was clinging to the handrail and about to fall. This case is ruled by Philadelphia Traction Co. v. Orbann, 119 Pa. 37. In that case a young boy was pushed off a moving car by a conductor, and was run over by a trailer, or second car, which was drawn by that from which he fell. The trial court permitted a recovery of exemplary damages, and the judgment was reversed; Mr. Justice CLARK, who spoke for the court, said: "There can be no justification, of course, for the negligent act of pushing a little boy off a moving car, and for the consequences of such an act the offending party would ordinarily be held to compensate the injury. But whether he will also be punished for the act, must depend upon the manner or the motive in which the act is done."

The assignments of error are overruled, the judgment is affirmed and the appeal dismissed at costs of the appellant.