# Adams *v.* Beaver Valley Traction Company, Appellant.·

*Street railways—Passenger—Ejection from car—Damages—Punitive damages—Compensatory damages.*

1. Where a passenger in a street car after a controversy with the conductor about the fare leaves the car voluntarily at the request of the conductor, he will not be entitled to punitive damages in an action for wrongful ejection, if it appears that the conductor did nothing, except to give the passenger a push, and subsequently commanded him to leave the car in a violent and ungentlemanly manner.

2. Exemplary or punitive damages are allowed only where the act complained of has been committed willfully and maliciously, or, in the absence of actual malice, where it has been committed under circumstances of violence, oppression, outrage, or wanton recklessness.

3. Where a passenger seventy-eight years old is wrongfully ejected from a street car, and is compelled to walk a distance of nearly a mile and been subjected to some delay in making a connection to reach his final destination, a verdict in his favor for $100 will be sustained, although the trial judge committed error in instructing the jury that the passenger was entitled to punitive damages. The amount of the verdict shows that the erroneous instruction had no effect upon the jury. The error was therefore harmless.

Argued May 11, 1909. Appeal, No. 52, April T., 1909, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1907, No. 38, on verdict for plaintiff in case of Samuel Adams v. Beaver Valley Traction Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PRATHER, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented the following point:

4. If you believe from the evidence that the plaintiff was a passenger on the car of the defendant company, and had duly paid his fare, and that the agent of the company being then engaged in his business as conductor of said car, compelled the.

plaintiff to leave the car, the said conductor at the time making use of insulting language and menacing the plaintiff with angry threats and gestures, calculated to wound the feelings, and humiliate the plaintiff in the presence of others in the car, then you may, if you are so disposed, allow the plaintiff punitive damages in addition to nominal damages, or damages by way of compensation for breach of the contract of carriage. *Answer.* This point is affirmed. [1]

5. Punitive damages are damages allowed by way of punishment of the wrongdoer. If, in your judgment, the defendant company should not only be required to pay nominal damages, or to make compensation to the plaintiff for any alleged breach of contract, but that the defendant should be required in addition to pay a further sum by way of punishment and as a warning to be more careful in the future, then you may allow punitive damages; but if you determine otherwise, then you will not allow punitive damages. *Answer.* This point is affirmed. [2]

6. Should you decide to award punitive damages, you will first decide what damages flow from breach of the contract of carriage, if there was such breach, and then to those damages add whatever sum you allow as punitive damages, and the whole amount thus obtained will be your verdict. *Answer.* This point is affirmed. You will recollect, in finding punitive damages, that is, compensation added to your verdict for compensation for outlay—you must find, in order to allow punitive damages, that he was humiliated, and his feelings injured, and that he suffered this humiliation by reason of the conduct by the defendant company, or its servant; if you so find, you could allow punitive damages. [3]

Verdict and judgment for plaintiff for $100.55.

*Errors assigned* were (1–3) above instructions, quoting them.

*James L. Hogan,* with him *John M. Buchanan,* for appellant.—There was nothing in the testimony of either plaintiff or the conductor that would justify punitive damages: Phila. Traction Co. v. Orbann, 119 Pa. 37; Nagle v. Mullison, 34

Pa. 48; Pittsburg, etc., Ry. Co. v. Taylor, 104 Pa. 306; Rose v. Story, 1 Pa. 190; Amer v. Longstreth, 10 Pa. 145; Atherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141; Greenwood v. Union Traction Co., 30 Pa. Superior Ct. 488; Lake Shore & Michigan Southern Ry. Co. v. Prentice, 147 U. S. 101 (13 Sup. Ct. Repr. 261); Peterson v. Traction Co., 71 N. J. Law, 296 (59 Atl. Repr. 456); Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25; Philadelphia, Wilmington & Baltimore Railroad Co. v. Rice, 64 Md. 63 (21 Atl. Repr. 97); Tomlinson v. Wilmington & S. R. Co., 107 N. C. 327 (12 S. E. Repr. 138); Fitzgerald v. Chicago, R. I. & P. R. Co., 50 Iowa, 79; Denver Tramway Co. v. Cloud, 6 Colorado App. 445 (40 Pac. Repr. 779).

*Lawrence M. Sebring,* for appellee.—It is the province of the court to determine whether there is any evidence to support an award of exemplary damages: Heil v. Glanding, 42 Pa. 493; Nagle v. Mullison, 34 Pa. 48.

An assault and battery was committed on the plaintiff, without any justification whatever, and yet, in the absence of a technical assault and battery, courts allow punitive damages for wordy abuse of a passenger by a conductor: Texas, etc., Railway Company v. Tarkington, 27 Tex. Civ. App. 353 (66 S. W. Repr. 137). The Supreme Court of this state in Perry v. Pittsburg Union Passenger Railway Co., 153 Pa. 236, refused to set aside a verdict of $200 which included damages to the feelings.

OPINION BY HEAD, J., December 13, 1909:

For the purposes of this appeal the verdict of the jury has established that plaintiff was a passenger on the car of the defendant; that he had paid the fare which entitled him to be carried to a place called in the testimony the Junction; that the conductor of the car, mistakenly or wrongfully claiming that no fare had been paid but only a void transfer check tendered, demanded a second fare, and upon plaintiff's refusal to pay it, ejected him from the car while it was yet a considerable distance from the Junction above mentioned. These

facts established, it follows that the defendant had committed a breach of its contract of carriage. Its liability to compensate the plaintiff in damages according to a proper measure is but the legal consequence of the breach.

In so far as the verdict and judgment thereon establish its breach of contract and its liability to pay compensatory damages therefor, the defendant is not by this appeal complaining. It alleges, however, (a) that the learned trial court submitted to the jury the question of the plaintiff's right to have punitive damages when the evidence was insufficient to warrant such a submission; (b) that the jury, because of this alleged error, actually punished the defendant by the imposition of such exemplary damages. If both of these propositions have been successfully maintained, a reversal of the judgment would necessarily follow.

The nature of punitive damages, and the conditions under which they may be properly imposed, may be best exemplified by an excerpt or two from some of the many decisions on the subject. In Lake Shore, etc., Ry. Co. v. Rosenzweig, 113 Pa. 519, Mr. Justice TRUNKEY said: "The general rule in cases for negligence is that only compensatory damages can be given. Juries are not at liberty to go farther than compensation, unless the injury was done wilfully or was the result of that reckless indifference to the rights of others which is equivalent to a violation of them. There must be wilful misconduct, or that entire want of care which would raise a presumption of conscious indifference to consequences." In Philadelphia Traction Co. v. Orbann, 119 Pa. 37, Mr. Justice CLARK, in an elaborate and well-considered opinion on the subject, said: "Exemplary damages are allowed only where the act complained of has been committed wilfully and maliciously, or, in the absence of actual malice, where it has been committed under circumstances of violence, oppression, outrage, or wanton recklessness: Nagle v. Mullison, 34 Pa. 48. When there is no evidence which would fairly justify a jury in finding that the wrongful act was of the general character stated, the question of exemplary damages should not be submitted to the jury; in the absence of proof of these circumstances of

aggravation, compensation merely is the rule. To leave the question of punitive damages to the jury when there is no evidence which would warrant a verdict for other than compensatory damages, or even to instruct them that they may find such damages as they may deem proper, is error: Pittsburg, etc., Ry. Co. v. Taylor, 104 Pa. 306; Rose v. Story, 1 Pa. 190; Amer. v. Longstreth, 10 Pa. 145. Therefore in Pittsburg, etc., R. R. Co. v. Slusser, 19 Ohio St. 157, where a passenger had been ejected from a train by mistake, or on misconception of his rights by the conductor, it was held not to be a proper case for exemplary damages, and upon that ground the judgment was reversed."

In Greeney v. Penna. Water Co., 29 Pa. Superior Ct. 136, ORLADY, J., speaking for this court, said: "But they (the jury) are not at liberty to go farther, than allow actual and compensatory damages, unless the evidence shows willful misconduct and a wanton invasion of the plaintiff's rights, or any circumstance of aggravation or outrage. . . . It is the duty of the court to submit the question of the kind of damages that may be given to the jury, and if there be no evidence of aggravation or oppression, then simple compensation is the rule." See also Greenwood v. Union Traction Co., 30 Pa. Superior Ct. 488; Artherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141.

Turning then to the testimony, we find that the only evidence as to the manner in which the plaintiff was ejected was given by himself. In this respect he was not corroborated by the testimony of any other witness, although the car at the time contained several passengers, both men and women, whose attention would have been naturally invited to the occurrence, had there been any wanton or malicious abuse of a man of the age of the plaintiff. Taking then the testimony of the plaintiff himself on this point, and allowing to it all of the weight which the jury could fairly have given it, it seems to us that it in nowise measures up to those situations described in the foregoing excerpts where the question of punitive damages was properly submitted to the jury.

After describing the verbal controversy between himself

and the conductor as to the payment of fare, the plaintiff testified as follows: "I says to him, 'if you put me off I will make you pay for it.' Q. What was the manner of the conductor to you at the time of the conversation you have described? A. He was standing about in this manner (indicating) with his hands on the alarm bell, I suppose it is. The Court: Holding to the strap? A. Yes, to stop the car, and I says, 'Are you going to put me off?' He says, 'Yes I will, and he then came towards and pushed me back.' Q. He pushed you back? A. Yes. I says, 'Mr. Conductor, don't you put your hand on me again. If you do, we will get into a clinch. . . .' He then got the bell and brought it down very hard, and that brought the car to a stop. He then told me to get off, and I got off. Q. What was the manner of his voice, the tone of his voice, his manner at the time he did those things? A. Very violent, ungentlemanly manner, uncouth. Q. You did get off? A. Yes, sir." This is the whole of the testimony upon which the court submitted to the jury the question of punitive damages. We are unable to see in the light of the cases cited that this evidence furnished any warrant for the imposition of more than compensatory damages, and the learned trial judge was in error in not declaring to the jury as a matter of law that the plaintiff's right to recover must be limited to compensatory damages.

It does not follow, however, that because of this technical error on the part of the learned trial judge, the judgment must be reversed. If it is reasonably apparent that the jury did not in fact go beyond the limits of compensatory damages and punish the defendant by the imposition of exemplary damages; or in other words, that the error was not harmful to the defendant, the judgment should be affirmed.

Had the learned trial judge, in submitting the case to the jury, properly instructed them that the plaintiff's recovery must be limited to compensatory damages, what elements might they rightfully have considered in making up their verdict? In Perry v. Pittsburg Union Passenger Railway Co., 153 Pa. 236, the learned trial judge, in a case like the present, affirmed the following point: "That if the jury so be-

lieve they should find for the plaintiff a sufficient sum to compensate him for any loss of money and time suffered by him on account of the said trespass, also for any inconvenience and for any injury to his person and to his health, and also for the injury to his feelings and the humiliation inflicted on him by the said trespass." This instruction having been assigned for error, the judgment of the lower court, where the verdict was double the amount of the present one, was affirmed.

In Moore on Carriers, p. 887, the rule is thus stated: "Where a passenger has been wrongfully and unlawfully expelled or ejected by the carrier from a train or car, he may recover in an action against the carrier, the amount of the fare to the place to which he was entitled to be carried, damages for the loss of time occasioned by the delay, and any other pecuniary loss necessarily caused thereby, and a reasonable compensation for the indignity, humiliation, wounded pride and mental suffering involved under and resulting from such wrongful expulsion." That this is the rule that prevails throughout the various states of the Union is shown by the many authorities collated in the note to the case of Lindsay v. Oregon Short Line R. R. Co., 12 L. R. A. (N. S.) 184.

In the present case the plaintiff was a man seventy-eight years of age. The verdict, as already stated, has established that the conductor of the car wrongfully demanded of him the fare which he had already paid, and thus publicly put him in the attitude of one attempting to ride in a public conveyance without making compensation therefor. He was compelled to walk, according to his testimony, a distance of nearly a mile, and then subjected to some delay in making a connecting car to carry him to his final destination. In such a case some of the elements which would properly enter into a determination of the amount of the damages that should be awarded to him as compensation cannot be exactly measured in dollars and cents. The verdict was $100.55. In such a verdict we can see no response to the erroneous instruction of the court which permitted the jury to consider the question of punitive damages. Had the jury, under proper instruc-

tions confining them to compensatory damages, rendered the same verdict, we cannot think any court would have felt constrained to set it aside on the ground that the jury had awarded punitive damages. If the judgment were to be reversed, the case would necessarily go back to be tried before another jury, and we can see no reasonable ground upon which to predicate the assumption that a second verdict would be for a substantially less sum than the present one. We are therefore impelled to the conclusion that although the learned trial court fell into error in his instructions to the jury, such error is not reflected in their verdict, and therefore it turned out to be a harmless error for which the appellate court will not reverse.

Judgment affirmed.