# Durando *v*. Philadelphia Rapid Transit Co., Appellant.

*Trespass—Assault—Attack by street car conductor upon passenger—Liability of employer—Case for jury.*

In an action against a street railway company to recover damages for injuries inflicted on the plaintiff by a car conductor employed by defendant, the plaintiff's testimony was that he paid his fare and asked for a transfer when he boarded the car which was refused. He repeated the request again and the conductor struck him with a black jack and knocked him down. The conductor testified that he had "such a heavy trip" that he "could not fool with transfers," but testified that he did give the plaintiff transfers when he asked for them and plaintiff then applied an insulting epithet to him and struck at him. The conductor admitted striking the plaintiff. The defendant contended it could not be held liable because the conductor's conduct was personal and outside the scope of his employment.

*Held:* the case was properly one for the jury on the question as to whether the assault was part of the transaction involving delivery of a transfer to a passenger who was entitled to it, and a verdict for the plaintiff was sustained.

Argued October 10, 1922. Appeal, No. 86, Oct. T., 1922, by defendant, from judgment of C. P. No. 1, of Phila. Co., Sept. T., 1920, No. 5707, on verdict for plain-

tiff in the case of Aldorino Durando v. Philadelphia Rapid Transit Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,250 and judgment thereon. Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant, refusal of defendant's motion for judgment non obstante veredicto and the judgment of the court.

*Joseph J. Tunney,* for appellant.—An employer cannot be held to answer in damages for a vicious personal act of one of their employees entirely outside the scope of his employment: Rohrback v. P. R. Co., 244 Pa. 132; Pennsylvania Company v. Toomey, 91 Pa. 256; Allegheny Valley R. Co. v. McLain, 91 Pa. 442; Greb v. Pa. R. R. R. Co., 41 Pa. Superior Ct. 61.

*Edward A. Kelly,* for appellee.—The case was for the jury: Atherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141; Adams v. Beaver Valley Traction Co., 41 Pa. Superior Ct. 403; Marcus v. Gimbel Bros., 231 Pa. 200.

OPINION BY LINN, J., November 23, 1922:

Plaintiff, a passenger on defendant's car, was severely beaten by the conductor. He brought suit and got a verdict. Judgment n. o. v. being refused, the transit company appealed. The assignments of error raise only one point; the sufficiency of the evidence to go to the jury. It was to the following effect: plaintiff boarded a car, paid his fare and asked for a transfer, to which he was

entitled but which the conductor denied him. On reaching his transfer point, he again asked for the transfer which was again declined. Plaintiff testified the conductor "refused to give it to me and said 'Wait you wop, you dago' and hit me with a black jack." He was knocked down, carried in a patrol wagon to a hospital and after his head was stitched, was taken to a station house. From there he went home and spent three weeks in bed under treatment by a physician for the injuries received in the assault. In some essentials, the plaintiff was corroborated; the conductor himself testified he had "such a heavy trip," he "could not fool with transfers."

Evidence on behalf of defendant was to the effect that the conductor gave plaintiff, who "seemed intoxicated," the transfer at the transfer point and that plaintiff then applied an insulting epithet to him and struck at him, whereupon, in self-defense, he assaulted plaintiff with a black jack; it was therefore contended that in any event the conductor's conduct was personal and outside the implied scope of employment.

We are bound by the conclusion of the jury; with such division in the testimony, the jury has the responsibility of finding the facts; it did not accept the theory of the defense.

The rule of responsibility imposed by the relation of passenger and carrier is fully considered in Artherholt v. Erie E. Motor Co., 27 Pa. Superior Ct. 141, and Adams v. Beaver Valley Co., 41 Pa. Superior Ct. 403, with reference to the prior decisions. Whether appellant performed its duties arising out of that relation was disputed; if believed, the evidence supported the inference that the assault was part of the transaction involving the delivery of a transfer to a passenger who was entitled to it, a duty certainly not performed as it should have been, in the light of the verdict; accordingly the court was bound to submit the evidence to the jury. No question is made about the form of the submission.

Judgment affirmed.